**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:07-CR-0195-RWS |
| ADAM WAYNE LEBOWITZ, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation [63] of Magistrate Judge Janet F. King recommending denial of Defendant's Motion to Suppress Evidence and Set Evidentiary Hearing [54]. The following Motions are also before the Court for consideration: Motion to Dismiss Indictment [79], Motion to Dismiss Indictment as Violative of Due Process [80], Motion to Suppress Illegally Obtained Health Information [81], *Brady* Motion to Compel Production of K.S.'s Computer [82], Motion to Suppress Evidence Seized During Warrantless Search of Defendant's Car [83], Motion for Pretrial Hearing on Authenticity of Purported Electronic

Communications [84], and Motion to Suppress Evidence Seized in Search of Defendant's Home [85] (collectively referred to as "Recent Motions").

## Background of Case

Defendant was originally charged in a three-count Indictment returned June 12, 2007. On June 28, 2007, the Defendant entered a plea of guilty [8] to all of the charges in the Indictment. At the time, he was represented by attorneys Craig A. Gillen and Bruce A. Harvey. On September 24, 2007, Craig A. Gillen filed a Motion to Withdraw as Defendant's counsel [11] which was granted by an Order [12] entered on September 26, 2007. On December 3, 2007, Omar F. Guerra Johansson filed an Application for Admission *Pro Hac Vice* [13]. The Application was granted by an Order [16] entered December 24, 2007, and Mr. Johansson entered an appearance on January 14, 2008. On July 22, 2008, Bruce Harvey filed a Motion to Withdraw as Defendant's counsel [30] which was granted by an Order [31] entered July 23, 2008.

On August 7, 2008, Defendant filed an Unopposed Motion to Withdraw Pleas of Guilty [36]. On August 21, 2008, the Court entered an Order [38] permitting Defendant to withdraw his plea of guilty. Magistrate Judge Janet F. King conducted a status conference on September 11, 2008 [41]. The parties

2

were granted until October 20, 2008 to file any additional motions. On October 17, 2008, Defendant filed an Unopposed Motion to Continue the Motion Deadline [43]. On October 20, 2008, Judge King entered an Order [45] extending the deadline for pretrial motions to November 21, 2008. On November 19, 2008, Defendant filed a Second Motion to Continue Motion Deadline [49]. By Minute Entry on November 20, 2008, the Motion was granted permitting the parties to file pretrial motions through December 5, 2008. On November 25, 2008, Stephen R. Scarborough entered an Appearance of Counsel on behalf of Defendant [50].

On December 5, 2008, Defendant filed a Motion to Suppress and Set Evidentiary Hearing [54] which IS the subject of the Report and Recommendation [63] that is presently before the Court. On December 18, 2008, Gerald R. Weber entered an Appearance of Counsel [52] on behalf of Defendant. On March 12, 2009, Judge King issued a Report and Recommendation [63] recommending denial of Defendant's Motion to Suppress and Set Evidentiary Hearing [54]. On March 17, 2009, Laura D. Hogue entered an Appearance of Counsel [65] on behalf of Defendant.

On March 17, 2009, Defendant filed a Motion for Extension of Time to

3

File Objections to the Report and Recommendation [67] which was granted by an Order [68] entered March 20, 2009 permitting Defendant to file Objections through April 20, 2009. On April 1, 2009, Mr. Johannsan filed a Motion to Withdraw as Counsel [69] which was granted by an Order [70] entered April 2, 2009.

On April 14, 2009, the Court issued a Notice [71] setting the case for trial commencing May 4, 2009. On April 15, 2009, Defendant filed his Second Motion for Extension of Time for Filing Objections to the Report and Recommendation [72] which was granted by an Order [73] extending the time for filing objections through May 4, 2009. Defendant filed an unopposed Motion to Continue Trial [74] on April 30, 2009, which was granted by an Order [86] entered May 6, 2009.

On May 4, 2009, Defendant filed Objections [77] to the Report and Recommendation. On that same date, Defendant filed the Recent Motions. On July 21, 2009, the Court conducted a status conference with counsel. At the status conference, the Government informed the Court that the Government intends to seek a superseding indictment in the case.

AO 72A
(Rev.8/82)

## DISCUSSION

After reviewing the Report and Recommendation [63] and the Objections [77] thereto, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Defendant's Motion to Suppress and Set Evidentiary Hearing [54] is **DENIED**.

Defendant's Motion to Dismiss Indictment [79] and Motion to Dismiss Indictment as Violative of Due Process [80] are **DENIED**, as untimely. Defendant's Motion to Suppress Illegally Obtained Health Information [81] is **DENIED** as moot. The Government has represented that it does not intend to seek to introduce into evidence the information objected to by Defendant. In the event the Government believes that it is entitled to introduce this evidence at trial, the Government will raise the issue with the Court outside the presence of the jury, and the Defendant will be permitted to assert the arguments contained in the Motion.

Defendant's *Brady* Motion to Compel Production of K.S.'s Computer [82] is **WITHDRAWN**. The Government has represented to Defendant that it intends to obtain the computer from K.S. and will share any information contained therein with Defendant. Therefore, Defendant agreed to withdraw the

5

Motion.

The Government is **DIRECTED** to file a response to Defendant's Motion to Suppress Evidence Seized During Warrantless Search of Defendant's Car [83] within twenty (20) days of the status conference. Defendant will have ten (10) days thereafter to file a reply.

Defendant's Motion for Pretrial Hearing on Authenticity of Purported Electronic Communications [84] is **GRANTED**. The Court will set this matter down for hearing after the Government has an opportunity to seek a superseding indictment.

Defendant's Motion to Suppress Evidence Seized in Search of Defendant's Home [85] is **DENIED**, as untimely and because the issues addressed therein were addressed in the Report and Recommendation [63] adopted by the Court.

**SO ORDERED** this  22nd  day of July, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)