**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA, :
:
v. : CRIMINAL ACTION NO.
: 1:07-CR-195-RWS
ADAM WAYNE LEBOWITZ, :
:
Defendant. :

# **ORDER**

This case comes before the Court on Defendant's Motion to Suppress Evidence from Warrantless Search of a Vehicle [83] and Motion on the Authenticity of Purported Electronic Communications [84]. The Court held an evidentiary hearing on these two matters on January 19 and 21, 2010. After a review of the record, the Court enters the following Order.

As to the Motion to Suppress, Defendant argues that the warrantless search of Defendant's car violates the standard set forth by the United States Supreme Court in <u>Arizona v. Gant</u>, _ U.S. _, 129 S.Ct. 1710, 173 L. Ed. 2d 485 (2009). In <u>Gant</u>, the Supreme Court outlines the provisions under which an accused's vehicle can be searched "incident to arrest." The Court stated:

> Under <u>Chimel</u>, police may search incident to arrest only the space within an arrestee's " 'immediate control,' " meaning "the

> area from within which he might gain possession of a weapon or destructible evidence." 395 U.S., at 763, 89 S.Ct. 2034. The safety and evidentiary justifications underlying Chimel's reaching-distance rule determine Belton's scope. Accordingly, we hold that Belton does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle. Consistent with the holding in Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), and following the suggestion in Justice SCALIA's opinion concurring in the judgment in that case, id., at 632, 124 S.Ct. 2127, we also conclude that circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle.

Id. at 1714.

After considering evidence presented at the hearing, including testimony of Officer Beth Suber, the Court finds that the search of Defendant's vehicle was authorized under the second tier of Gant. Defendant argues that there could "be no reasonable belief on the part of the officer that particularized evidence of the offense for which Defendant was arrested would be found within his car." Def.'s Reply Br. [99] at 10. However, the Court finds that an officer could have reasonably believed that Defendant Lebowitz's car contained evidence pertinent to the offenses of Criminal Attempt to Commit Aggravated Child Molestation and Enticing a Child for Indecent Purposes. Based upon the communications between Defendant and the alleged victim, K.S., the officer had reason to

2

AO 72A
(Rev.8/82)

believe that Defendant was driving to the home of K.S. to pick him up and possibly engage in sexual activity. A reasonable officer could expect to find in the vehicle evidence associated with such conduct, such as condoms, lubricants, and towels.[1] Also, the officer was aware of communications in which K.S. asked Defendant to bring him a set of scrubs, and Defendant indicated he was endeavoring to do so. An officer could have reasonably expected to find scrubs in the vehicle. Based on this information, the Court concludes that it would have been reasonable for an officer to believe that evidence of the offense of arrest might be found in the vehicle. Accordingly, Defendant's Motion to Suppress [83] is **DENIED**.

The Court additionally heard evidence as to the authenticity of purported electronic communications between Defendant Lebowitz and K.S. [84]. The Defendant questioned the authenticity of email transcripts, "instant messages," and "chats" due to the incompleteness and integrity of the evidence. "The

---

[1] Officer Suber believed that she could conduct the search incident to Defendant's arrest. She did not articulate a search for evidence as the basis for her search. The Court concludes that the officer need not have actually articulated, nor even formulated, such a basis for the search. This is especially true in a pre-Gant search such as occurred here. The test is whether it would have been reasonable for an officer to believe evidence of the offense of arrest might be found in the vehicle.

requirement of authenticity . . . as a condition precedent of admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Civ. P. 901(a). Though K.S. did not testify at the hearing, Officer Suber testified that the communications were provided to her by K.S.[2] Also, other evidence, including recorded telephone conversations, corroborated the communications. There are obvious omissions in some of the communications. However, the Court finds that those omissions do not support excluding the communications. The omissions go to the weight rather than the admissibility of the evidence. Based upon the evidence presented at the hearing, the Court finds that Defendant has not demonstrated that the evidence should be excluded at this time. Defendant's Motion on the Authenticity of Purported Electronic Communications [84] is **DENIED**.

Based on the foregoing, Defendant's Motion to Suppress Evidence from Warrantless Search of a Vehicle [83] and Motion on the Authenticity of Purported Electronic Communications [84] are **DENIED**.

---

[2] For purposes of the hearing, Officer Suber's testimony was sufficient. However, before the communications will be admissible at trial, the testimony of K.S. or someone with actual knowledge about the communications will be required.

4

**SO ORDERED** this   27th   day of January, 2010

_/s/ Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)