**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ADAM WAYNE LEBOWITZ, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|   v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:07-CR-0195-RWS-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:14-CV-0646-RWS-JFK |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion, as amended with counsel [205, 220], Respondent's response, as amended [211, 226], and Movant's reply [230]. For reasons discussed below, Movant's motion to vacate is due to be denied.

## I.   Background

Movant produced child pornography, distributed child pornography over the internet, and attempted to sexually assault a fifteen year old boy. United States v. Lebowitz, 676 F.3d 1000, 1007, 1017 (11th Cir. 2012). The Grand Jury indicted Movant on the following three counts: (1) using A.G., a minor, to engage in sexual conduct for the purpose of producing child pornography in violation of 18 U.S.C.

§ 2251(a) and (e), (2) using C.R., a minor, to engage in sexual conduct for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e), and (3) attempting to entice K.S., a child, to engage in unlawful sexual activity in violation of 18 U.S.C. 2422(b).  (Superseding Indictment, ECF No. 128).  Movant pleaded not guilty and proceeded to trial represented by Laura Hogue and Stephen Scarborough.  (Minute Sheet, ECF No. 131).  On February 25, 2010, the jury found Movant guilty of the crime that he committed against C.R. (sexual exploitation in the production of child pornography) and the crime that he committed against K.S. (attempted enticement) and found him not guilty on Count One.  (Jury Verdict, ECF No. 151).  The Court sentenced Movant to two concurrent terms of 320 months.  (J. and Commitment, ECF No. 169).

Movant appealed, and on April 5, 2012, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant.  Lebowitz, 676 F.3d at 1017.  The United States Supreme Court denied *certiorari* on March 4, 2013.  Lebowitz v. United States, _ U.S. _, 133 S. Ct. 1492 (2013).

In his § 2255 motion, as amended, Movant raises one ground for relief:  pre-trial counsel ineffectively presented the motion to suppress evidence seized from Movant's home.  (Mot. to Vacate at 20-31, ECF No. 205; Mov't Reply at 2-8, ECF No. 220).

2

## II.   **Legal Standard**

### A.   **28 U.S.C. § 2255**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Collateral relief, however, is limited, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted" and "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 164-65 (1982).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice."  Lynn v. United States, 365 F.3d 1225, 1232 (2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).  On collateral review, it is the

3

movant's burden to establish his right to relief.  Mackey v. United States, 221 F.

App'x 907, 910 (11th Cir. 2007).

"An evidentiary hearing is not required when 'the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief.'"

Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255).  That

is the case here, as shown in the discussion below.

## B.   Effective Assistance of Counsel

A criminal defendant possesses a Sixth Amendment right to "reasonably

effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To

show constitutionally ineffective assistance of counsel, a petitioner must establish that

(1) counsel's representation was deficient and (2) counsel's deficient representation

prejudiced him.  Id. at 690-92.  The Court may resolve an ineffective assistance claim

based on either of the above prongs.  Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir.

2000).   Under the first prong, a petitioner must show that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance."  Strickland, 466 U.S. at 690.  Under the second

prong, a petitioner "must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.

4

A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

## III.   Discussion

### A.   Background

Movant contacted K.S., and they exchanged emails and engaged in on-line chats that were sexual in nature. Lebowitz, 676 F.3d at 1006. Copies of emails between Movant and K.S. show that Movant, while at work on Friday, October 27, 2006, informed K.S. that he would sleep a few hours after he got home "tomorrow morning" and "I'll be around and able to chat or talk on the phone . . ." (Gov't Ex. 6, October 27, 2006, 8:36 p.m. email). Movant confirmed in an email on Saturday evening that he was at home, had napped, and was around to chat. (Id., October 28, 2006, 5:47 p.m. email).

Copies of instant messages between Movant and K.S. show that Movant and K.S. instant messaged after K.S. returned from a hay-ride at approximately midnight on Saturday, October 28, or just after midnight on Sunday, October 29, 2006. (See Tr. at 462-463, ECF No. 156; Gov't Ex. 8, page 1 of 8).[1] The transcript of the October 29,

---

[1]Although some pages of the instant message transcript show a date of October 30, 2006, the first page states that they were received on October 29, 2006. Additionally, K.S. states that he just got home from the hay-ride, and Movant states

2006, instant messaging shows that Movant sent K.S. pictures and stated that he

wanted he and K.S. to take nude pictures of each other, and K.S. testified at trial that

the pictures contained nudity, that Movant sent him nude pictures more than once, and

that he told his mother about them the next day.  (Gov't Ex. 8 at 4-8; Tr. at 376-77,

ECF No. 155; Tr. at 400, 404, 407, ECF No. 156 (K.S. on direct examination regarding

the messaging transcript for October 29, explaining that Movant sent nude pictures and

that the pictures showed up as a red x when printed)).[2]

In her affidavit seeking a search warrant of Movant's home, Officer Beth Suber

stated as follows –

> The suspect in this case, [Movant], was arrested for criminal attempt to
> commit aggravated child molestation and enticing a child for indecent
> purposes; whereas he contacted the victim from his home computer, via
> the internet, to send nude photos of himself and emails to discuss oral and
> anal sex with the victim.  Suspect stated that he was at work but when he
> got home, he would email the photos.  Suspect did drive to the victim's
> house with the intentions of having sex with the victim.  Those intentions
> were displayed when he placed a bag with two unsealed personal
> lubricants and a large amount of condoms in the front passenger seat of
> his vehicle.

_____

that he had slept all day, as he stated he would do in his earlier email.  It is apparent
that the chat occurred in the early morning hours of Sunday, October 29.

[2]It is not clear whether the nude pictures were of Movant or someone else.  The
Court finds this non-significant because the pictures contained nudity and because
Movant stated that he wanted he and K.S. to take nude pictures of each other.

6

(Gov't Resp. to Motion to Suppress, Aff. & Appl. for a Search Warrant, ECF No. 60).

> Investigator Suber . . . obtained a warrant[3] to search [Movant's] residence.  Upon searching the residence, she seized a Sony notebook computer, an iPod, a HP Pavillion computer with camera, a printout of a phone number "look-up," a piece of paper with the victim's name and address, pieces of paper with various screen names and emails, CD–R's, a Sony CPU, a green file with various MySpace printouts of screen names and email addresses, VHS tapes, bottles of Astro-glide, and various types of condoms.  A VHS tape labeled "XXX" contained video of [Movant] engaged in sexual acts with teenage males.

> Agents were able to identify A.G. and C.R. as the males on the VHS tape engaged in sexual activity with [Movant].  Agents also discovered still images from the videos of A.G. and C.R. on [Movant's] computer, stored in a manner indicating that the images had been distributed over the internet.

Lebowitz, 676 F.3d at 1007.

Before trial, counsel Johansson filed the motion to suppress upon which Movant bases his current ineffective assistance of counsel claim.  (Def't Mot. to Suppress, ECF No. 54).  Therein, counsel moved to suppress evidence seized from Movant's home and requested a hearing under Franks v. Delaware, 438 U.S. 154 (1978).  (Def't Mem., Doc. 54).  Counsel argued (1) that Officer Suber's affidavit misled the DeKalb County Magistrate with intentionally or recklessly false statements to believe that Movant was

---

[3]The search warrant authorized a search for pornographic material, including video tapes and other photographic forms.  (See Gov't Resp. to Motion to Suppress, Search Warrant, ECF No. 60).

7

communicating with the victim from Movant's home when there was "no nexus between the criminal activity alleged and [Movant's] home" and when the affidavit stated that Movant stated that he was at *work* when he spoke with the victim[4] and (2) that the search warrant was over broad in that Suber's affidavit provided no "basis for connecting the crimes of arrest with a likelihood of finding child pornography in the home."[5]  (Mem. at 6, 9, 11, 14 ECF No. 54).

The undersigned Magistrate Judge recommended denying the motion.  (Report and Recommendation ("R&R"), ECF No. 63).  The undersigned stated that the burden belonged to Movant and that

> allegations of deliberate falsehood or of reckless disregard for the truth . . . must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

(Id. at 8 (quoting Franks, 438 U.S. at 171-72) (internal quotation marks omitted)).  The undersigned found that Officer Suber's statement that Movant had contacted K.S. from

---

[4]Counsel did not cite to the emails or instant messages in the motion to suppress.  (Doc. 54).

[5]In support of his argument that the warrant was over broad, Movant cited cases from the Southern District of Florida and the State of Florida appellate court.  (Doc. 54 at 9-10).

8

work was insufficient to show falsehood in Suber's statement that Movant had contacted the victim from his home computer. (Id. at 10-11). The undersigned also found that the possibility of Movant using a computing devise outside his home would not negate "the 'fair probability' that [Movant's] home computer contained evidence of the crimes being investigated." (Id. at 17, 21 (no citation provided)).

On over-breadth, the undersigned determined that in light of Movant's having sent photographs in the course of his contact with the victim, as indicated in the search warrant affidavit, there was probable cause to search for photographic images. (Id. at 24). The undersigned found that it was a close question as to whether the affidavit supported a search for child pornography. (Id. at 26). On consideration of cases from the Second and Fifth Circuits, which among other jurisdictions recognized the strong link between pedophilic behavior and possession of child pornography, the undersigned determined that

> based on the well known and recognized links between pedophilic behavior, which [Movant's] conduct evidenced, and possession of child pornography by such individuals in secure and safe locations, such as a residence, the magistrate was authorized in drawing the reasonable inference that one charged with the crimes set forth in the search warrant would be in possession of child pornography related materials.[] Accordingly, this court determines that the issuing magistrate had a "substantial basis" for concluding that probable cause existed to search for all of the items listed in the warrant.

9

(Id. at 30).

The Magistrate Judge further found that, even if the warrant was overly broad, the good faith exception to the exclusionary rule applied.  (Id. at 31-35 (relying on, among other cases, United States v. Haynes, 160 F. App'x 940 (11th Cir. 2005)).

> This court also finds that the officers in this case reasonably relied on the magistrate's finding of probable cause to search for child pornography.  There was probable cause to believe that [Movant] engaged in the charged offenses and used his home computer to make contact with the minor victim.  The officer reasonably relied on the strong links between such conduct and child pornography and the well known fact that such an individual would also likely possess child pornography in his home.  The warrant in this case was not "so overly broad on its face that the executing officers could not reasonably have presumed it to be valid." . . . The good faith exception applies to the facts of this case, and, therefore, the evidence seized as a result of execution of the warrant should not be excluded from trial.

(R&R at 34-35 (citation omitted)).

Johansson withdrew as counsel, and Movant, through new counsel Laura Hogue, objected and extensively cited to the emails and instant messages between movant and the victim (discovery material provided by the government).  (See Order of April 2, 2009, ECF No. 70; Objections at 8-12, ECF No. 77).  Movant, through Hogue, specifically noted, "[t]he Office of the United States Attorney has provided to the defense what they understand to be all of the internet communication between

10

[Movant] and K.S.  There is no entry in any of the discovery provided that matches this purported discussion[,]" i.e., Movant's statement that he was at work and that he would email photographs when he got home.  (Objections at 13 n.3).[6]  The Court overruled the objections and denied the motion to suppress.  (Order of July 22, 2009, ECF No. 94).

On direct appeal, Movant contested the denial of his motion to suppress on the grounds that Officer Suber's affidavit omitted information on K.S.'s MySpace age. Lebowitz, 676 F.3d at 1010.  The Eleventh Circuit found no error.  Id. at 1010-11. Among other things, the Eleventh Circuit found as follows --

> [Movant] engaged in graphic sexual conversations with K.S.  Any ambiguity as to K.S.'s age is immaterial because [Movant] admits he learned that K.S. was a 15-year-old boy prior to appearing at K.S.'s home possessing condoms and lubricants.  These facts established probable cause to support [Movant's] arrest for attempted child molestation. [Movant's] use of his home computer to contact his intended sexual partner established the necessary connection between his residence and his suspected criminal activity.  Those contacts need not have been illegal to provide a reasonable basis to believe that evidence of [Movant's] attempted child molestation would be recovered from his home. . . .
>
> [Movant] also sought to suppress the VHS tape seized during the search of his home, contending that probable cause did not support inclusion of "pornographic material" and "any items commonly found in

---

[6]Otherwise, the objections focused on Movant's alleged belief regarding K.S.'s age, which is not at issue in this § 2255 motion.

11

child pornogrphic [sic] cases" in the warrant as items to be seized.  The district court refused to suppress the VHS tape.

> Even if we were to accept [Movant's] argument that probable cause did not support inclusion of "pornographic material" and "any items commonly found in child pornogrphic [sic] cases" in the warrant, we find that the good-faith exception to the exclusionary rule would apply.[] Generally, courts should not exclude evidence obtained by police officers acting in reasonable reliance on a search warrant. . . .  Only four limited sets of circumstances prevent use of the good-faith exception. . . . None are applicable here.  The district court correctly refused to suppress the VHS tape.

Id. at 1011 (footnote and citations omitted).  The Eleventh Circuit also noted –

> In addition to "pornographic material" and "any items commonly found in child pornogrphic [sic] cases," the search warrant separately authorized seizure of "video tapes."  [Movant] does not challenge the inclusion of "video tapes" in the search warrant.  Thus, even if the challenged items were unsupported by probable cause, suppression of any video tape, including the VHS tape labeled "XXX," would be inappropriate.

Id. at 1011 n.3.

### B.    Parties' Arguments

Movant argues that counsel Johansson was ineffective for failing to file an effective motion to suppress evidence seized from his home.  (Movant's Br. at 18-31, ECF No. 205).  Movant argues (1) that counsel was deficient for failing to review discovery and argue that there was no factual basis in the instant messages, emails, or

phone conversations[7] to support the statement that Movant contacted the victim from his home computer or the statement that Movant stated he would send K.S. pictures after he got home and (2) that a review of the discovery material would have shown that there were no statements showing that Movant used his home computer to contact K.S. and that Officer Suber fabricated the statement that Movant stated he would send K.S. pictures when he got home.  (Id. at 19-21).  Movant contends that had counsel filed a motion based on the above, it would have warranted a Franks hearing.  (Id. at 22).

Movant also argues that counsel was deficient in arguing that the search warrant did not connect the crime of arrest with a likelihood of finding child pornography.  (Id. at 23).  Movant contends that counsel should have presented more than two Florida cases to support the argument that there was no nexus between the crime of arrest and the likelihood of finding child pornography.[8]  (Id. at 23-25).

---

[7]Movant states that the discovery package which counsel allegedly failed to review included the instant messages, emails, and recorded phone conversations between himself and K.S.  (Movant's Br. at 21).

[8]Movant cites Sixth, Third, and Second Circuit cases that he states counsel should have raised.  (Movant's Br. at 23-24).

Movant argues that he was prejudiced by counsel's deficient performance because the good faith exception did not apply in that (1) the magistrate judge who issued the warrant abandoned his judicial role in authorizing a search for items commonly found in child pornography cases when there was no link between Movant's actions and the possibility of possessing child pornography and (2) Officer Suber, the one who executed the warrant, had manufactured probable cause in obtaining the warrant.[9]   (Id. at 25-28).

In his amended claim through counsel, Movant argues, "the validity of the search warrant rose and fell on Suber's claim that [Movant] stated that 'he was at work but when he got home, he would email the photos.'"   (Movant's First Reply at 5, ECF No. 220 (citation not provided)).   Movant asserts that he has declared under oath that he

---

[9]Movant argues only that the good faith exception does not apply and does not specifically argue that counsel ineffectively argued on the doctrine of good faith. (Movant's Br. at 25-28, ECF No. 205).   Movant also takes issue with the Court's prior finding that there is a strong link between pedophilia and possession of child pornography and its underlying conclusion that Movant acted as a pedophile.   (Id. at 29-31).   Movant argues that probable cause to search for child pornography was lacking because he technically is not a pedophile as the victim was older than thirteen. (Id.).   Movant's disagreement with the Court's prior finding does not show that counsel was ineffective.   Additionally, under Chapter 110 (governing the sexual exploitation of children) of Title 18, "child pornography" is defined as the photographic sexual exploitation of a minor and "minor" is defined as any person under the age of eighteen.   18 U.S.C. § 2256(1), (8).   Movant's argument on this matter is not further addressed.

14

never made such a statement and that the government has tellingly failed to produce any evidence showing otherwise. (Id. at 7-8; Attach. X, Movant's Decl., ECF No. 222 (sealed)). Movant contends, "[i]f that statement was not made, it is clear that neither this Court nor the Eleventh Circuit would have upheld the search of [Movant's] home. Moreover, if Sgt. Suber fabricated the statement in violation of Franks, there would be no good faith protection for the warrant." (Movant's First Reply at 5, ECF No. 220). Movant states that, absent the search, the government could not have proceeded on Counts One and Two. (Id. at 6).

Respondent argues, among other things, that a failure to document Movant's statement in writing does not mean that Officer Suber lied in her search warrant affidavit. (Resp't Resp. at 16-21, ECF No. 226).

> [A] review of the information known to Sgt. Suber at the time that she sought and obtained the search warrant, as well as evidence from the trial record, offers ample proof to corroborate the factual allegations in Sgt. Suber's affidavit. Accordingly, [Movant] would not have been able to overcome the threshold, substantial preliminary showing of deliberate falsehood or reckless disregard for the truth to mandate a Franks hearing.

(Id. at 16-17). Respondent argues that even without the statement that Movant would email photographs when he got home, the affidavit included sufficient allegations to support probable cause to search Movant's home. (Id. at 19).

15

Movant replies (1) that trial evidence does not inform what Officer Suber may or may not have known before she filled out the search warrant affidavit,[10] (2) that Officer Suber failed to provide the issuing magistrate sufficiently detailed factual support for the statements that Movant sent nude pictures to K.S. or that Movant contacted K.S. from his home computer, and (3) that Officer Suber's conclusory statements alone were insufficient to give probable cause to search his home. (Movant's Second Reply at 8-12, ECF No. 230).

## C.    Law and Analysis

The Fourth Amendment requires that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."  U.S. Const. amend. IV. "To find probable cause, the magistrate must make a 'practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular

---

[10]The Court finds that trial evidence – in particular K.S.'s trial testimony that the pictures sent during the October 29 instant-message session were nude pictures – is properly considered.  It is apparent that Officer Suber discussed the communications with K.S. prior to Movant's arrest and that she would have known that nude pictures had been sent.  K.S.'s trial testimony confirms that the pictures were nude pictures.

16

place.'" United States v. Hooshmand, 931 F.2d 725, 735 (11th Cir. 1991) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

"Affidavits supporting arrest warrants are presumptively valid." United States v. Sarras, 575 F.3d 1191, 1218 (11th Cir. 2009) (quoting United States v. Kapordelis, 569 F.3d 1291, 1309 (11th Cir. 2009)) (internal quotation marks omitted).  If a defendant makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in [a] warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks, 438 U.S. at 155-56.  "[A]llegations of deliberate falsehood or of reckless disregard for the truth . . .  must be accompanied by an offer of proof. . . . Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient." Id. at 171.

Movant's argument that counsel was deficient for failing to review the discovery material is defeated by the fact that he obtained new counsel who – as shown in the objections to the Report and Recommendation on the motion to suppress – thoroughly reviewed the discovery material and noted that the material did not have an entry that

17

matched Officer Suber's statement that Movant had stated he would email photographs

when he got home.  The Court considered and overruled those objections.

Further, Officer Suber either heard, or thought she heard, the alleged statement

or a reference to it during the investigative phase, or she fabricated the statement.  It

is Movant's burden to come forward with the "substantial preliminary showing" and

offer of proof that reasonable counsel should have presented to show that the statement

likely was fabricated.  Other than his own declaration stating that he never made the

alleged statement that he would send a picture from his home, Movant presents no

affidavit by any other person or any other offer of proof that would tend to show

Officer Suber intentionally misstated the facts.  The lack of documentation of the

statement and Movant's own affidavit, without more, do not show that Officer Suber

fabricated the statement or that she had no basis for making it.[11]  See Sarras, 575 F.3d

at 1219 ("A self-serving denial, on its own, does not defeat probable cause.").

To the extent Officer Suber misstated what Movant said or what she may have

heard he said during her investigations, the misstatement is not material to a finding

that Movant, from his home, sent nude pictures to K.S.  The emails and instant

---

[11]The substance of the communications between K.S. and Movant, as shown in the discovery material, does not make Officer's Suber's statement implausible such that its lack of documentation in the recorded emails and chats implies fabrication.

18

messaging, discussed above, indicate that Movant contacted K.S. from his home and sent nude photographs from his home.  Had counsel attempted to use the emails and instant messaging to show that there was no factual support for the contention that Movant contacted the victim from his home computer and sent, or would send, nude pictures on his home computer, his argument would have failed.

Movant also fails to show prejudice based on counsel's failure to present in the motion to suppress additional, non-binding case law on the issue of over breadth and the good faith exception.  Movant was communicating with a young boy who told Movant that he was fifteen-years old, and Movant discussed getting together, having oral and anal sex, and exchanging nude pictures.  The undersigned remains persuaded by the Eleventh Circuit's opinion in <u>Haynes</u> (finding that good faith exception applied to warrant that, based on crime of enticing a minor, allowed search for child pornography).  As the undersigned previously recommended, "[t]he officer reasonably relied on the strong links between such conduct and child pornography and the well known fact that such an individual would also likely possess child pornography in his home."  (Doc. 63 at 35); <u>see</u> <u>also</u> United States v. Colbert, 605 F.3d 573, 578 (8th Cir. 2010) ("There is an intuitive relationship between acts such as child molestation or

19

enticement and possession of child pornography.").[12]  The recommendation, based on

Haynes, was adopted by the district court.  Had counsel argued under precedent from

other circuits that charges of child molestation did not justify a search for pictures or

--------

[12]       The Court in Colbert stated,

[T]o the extent that [other courts] suggest that evidence of a defendant's tendency to sexually abuse or exploit children is irrelevant to the probable cause analysis, we respectfully disagree.  [Those] courts based their conclusions on a categorical distinction between possession of child pornography and other types of sexual exploitation of children. But that distinction seems to be in tension both with common experience and a fluid, non-technical conception of probable cause. . . .

There is an intuitive relationship between acts such as child molestation or enticement and possession of child pornography.  Child pornography is in many cases simply an electronic record of child molestation.    Computers and internet connections have been characterized elsewhere as tools of the trade for those who sexually prey on children. . . .   Accordingly, we conclude that Colbert's attempt to entice a child was a factor that the judicial officer reasonably could have considered in determining whether Colbert likely possessed child pornography . . . .
     . . .
Finally, even if we were to hold that the affidavit failed to establish probable cause, suppression of the evidence would not be appropriate because Colbert has not shown that the officers acted unreasonably in carrying out the search. . . . [T]he warrant application included some evidence from which reasonable officers might believe that a search for child pornography was justified.

Colbert, 605 F.3d at 578-79.

20

videos, there is no reasonable probability that his argument would have succeeded before this Court.  This is so especially here when Movant sent nude pictures to the victim and discussed with the victim the possibility of taking pictures of each other.

## IV.  Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

It is recommended that a COA is unwarranted because it is not debatable that had counsel pressed the argument now pressed by Movant it would not have changed the outcome before this Court.  If the Court adopts this recommendation and denies a

21

COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [205] to vacate, set aside, or correct his federal sentence be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **INSTRUCTED** to **SEAL** Movant's Exhibit A – K.S.'s Deposition and the Coweta County Sheriff's Office Investigative Report, located at ECF No. 204-1, ecf pages 12-79.[13]

---

[13]The Court observes that Movant, *pro se*, filed K.S.'s deposition from a state civil action against Movant and other materials that reveal K.S.'s name and that Movant did not seek to seal that material. (Movant's Exhibits, ECF No. 204-1). Although K.S. appeared to have reached majority at the time of the deposition, the style of the case in the state civil action refers to him by his initials. Generally, when an action involves crimes that occurred to a child victim and the victim has since become an adult, the Court continues to identify the victim by his initials, rather than his full name in the matters before the Court. K.S.S. v. Montgomery Cnty. Bd. of Comm'rs, Civil Action No. 12-816, 2012 WL 1809339, at *1 n.2 (E.D. Pa. May 17, 2012); see also 18 U.S.C. § 3509(d); Fed. R. Civ. P. 5.2(a)(3), (d); United States v. Begay, 673 F.3d 1038, 1040 n.4 (9th Cir. 2011) (citing § 3509(d) and using victim's initials in 2011 appeal that involved 2002 crimes against victims who had been high-

22

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 23rd day of December, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

school students at the time of the crime); Luttrell v. McDonald's Corp., No. 3:04-CV-00117-JDT-WG, 2004 WL 2750244, at *6 (S.D. Ind. 2004) ("[T]he protection of [a minor's] privacy will mean little if the cloak protecting that privacy disappears simply upon reaching the age of majority.").

23