**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ADAM WAYNE LEBOWITZ, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:07-CR-0195-RWS-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:14-CV-0646-RWS-JFK |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Magistrate Judge Janet F. King's Final Report

and Recommendation (Final R&R) [231] and Movant's objections [233].  For the

reasons discussed below, Movant's objections are overruled, the Final Report and

Recommendation is adopted as the Order of this Court, and Movant's 28 U.S.C.

§ 2255 motion and a certificate of appealability (COA) are denied.

In reviewing a Magistrate Judge's Report and Recommendation, the district

court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1).  Absent objection, the district judge "may accept, reject, or modify, in

whole or in part, the findings and recommendations made by the magistrate judge," 28

U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory

committee note, 1983 Addition, Subdivision (b).

# I.   Discussion

Movant is serving two concurrent 320-month terms of imprisonment for

producing child pornography and attempting to entice a minor.  (See J., ECF No. 169);

United States v. Lebowitz, 676 F.3d 1000, 1006 (11th Cir. 2012).  On April 5, 2012,

the Eleventh Circuit Court of Appeals affirmed the judgment against Movant.

Lebowitz, 676 F.3d at 1017.  The United States Supreme Court denied *certiorari* on

March 4, 2013.  Lebowitz v. United States, _ U.S. _, 133 S. Ct. 1492 (2013).

In his § 2255 motion, as amended with counsel, Movant has raised one ground

for relief:  pre-trial counsel ineffectively presented the motions for a Franks[1] hearing

and to suppress evidence seized from Movant's home (hereinafter collectively referred

to as the suppression motion).  (Br. on Mot. to Vacate at 18-31, ECF No. 205-1; Mov't

First Reply at 2-8, ECF No. 220).

## A.   Background

At issue are Officer Beth Suber's statements – as bolded – in her search warrant

affidavit --

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

2

> The suspect in this case, [Movant], was arrested for criminal attempt to commit aggravated child molestation and enticing a child for indecent purposes; whereas **he contacted the victim from his home computer**, via the internet, to send nude photos of himself and emails to discuss oral and anal sex with the victim.  **Suspect stated that he was at work but when he got home, he would email the photos**.  Suspect did drive to the victim's house with the intentions of having sex with the victim.  Those intentions were displayed when he placed a bag with two unsealed personal lubricants and a large amount of condoms in the front passenger seat of his vehicle.

(Gov't Resp. to Motion to Suppress, Aff. & Appl. for a Search Warrant, ECF No. 60 (emphasis added).)[2]  A DeKalb County Magistrate Judge issued a search warrant for Movant's home for, among other things, video tapes and items commonly found in child pornographic cases.  (Id., Search Warrant.)  The search revealed a video tape of Movant engaging in sexual acts with teenage males.  Lebowitz, 676 F.3d at 1007.  It is counsel's pre-trial assistance on the suppression of that video that concerns Movant in his § 2255 motion.  (Objections to Final R&R at 18-19, ECF No. 233.)

Movant, through Omar F. Guerra Johansson, who presented the suppression motion, argued, among other things, that Suber's home statement was recklessly false based on Suber's work statement, which contradicted the home statement by stating

_____

[2]   Hereinafter the first statement is sometimes referred to as the "home statement" and the second statement is sometimes referred to as the "work statement."

AO 72A
(Rev.8/82)

that Movant was at *work* and would contact the victim *when* he got home.[3]  (Mem. for

Mot. to Suppress at 14, ECF No. 54.)  In denying the suppression motion, the Court

accepted as true that Movant had made the work statement and found that there was

no internal conflict between the two statements and that Movant's argument bordered

on frivolous.  (See Report and Recommendation on Mot. to Suppress (hereinafter

Suppression R&R) at 10-11, 21-22, ECF No. 63; Order of July 22, 2009, ECF No. 94.)

In addition to rejecting Movant's claims of falsity or reckless omissions, the Court

found that the affidavit provided probable cause to search Movant's home, that the

affidavit was not over broad, and that, even if it was, the good faith exception would

apply.  (Suppression R&R at 22-35.)

### B.   The § 2255 Motion and Final Report and Recommendation

In his one ground for relief – ineffective assistance of pre-trial counsel on the

suppression motion – Movant argues (1) that Johansson was deficient because he did

---

[3]   Johansson presented three additional arguments on knowing misrepresentations or reckless omissions and also argued that the warrant was over broad and allowed a search for items for which there was no probable cause, that there was no probable cause to search Movant's home, and that a good faith exception to the exclusionary rule would not apply.  (Mem. for Mot. to Suppress at 8-20, ECF No. 54.)

AO 72A
(Rev.8/82)

not review discovery[4] and argue based thereon that there was no factual basis for the home and work statements; (2) that Johansson was deficient in arguing that the warrant was over broad in allowing a search for child pornography because he failed to present certain non-binding case law to show that Movant's crime of arrest and child pornography are not necessarily connected; and (3) that Johansson and Laura D. Hogue[5] were both deficient for failing to file a meritorious <u>Franks</u> claim based on Suber's fabrication of the work statement, which evidence allegedly showed that Movant had never made.  (Br. on Mot. to Vacate at 19-24; Mov't First Reply at 2-3.) Movant attempts to show that the work statement is false because it is not otherwise recorded and because Movant has denied making such statement.  (Mov't First Reply at 3, 6-7.)

---

[4]  The discovery at issue includes copies of instant messages, emails, and recorded phone conversations between Movant and K.S., a victim, made while Movant was at home and work and which were gathered by Suber during the investigation of the case.  (Br. on Mot. to Vacate at 21; Final R&R at 5-6, ECF No. 231; <u>see</u> <u>generally</u> Mot. Hr'g Tr. at 15-50, ECF No. 116 (examination of Suber regarding the investigation).)

[5]  Hogue reviewed discovery, objected to the Suppression R&R, and noted that the work statement was not reflected in any of the discovery materials.  (<u>See</u> Final R&R at 10-11.)

Movant argues (1) that in ruling on the suppression motion the Court relied on the work statement as true to find that Movant contacted the victim from his home computer; (2) that the work statement was recklessly false; and (3) that the suppression ruling, thus, cannot stand. (Mov't Second Reply at 2-4, ECF No. 230.) Movant further argues that, even if the discovery material could factually support the home statement, using the discovery to show the sufficiency of the affidavit without the work statement is impermissible because Suber did not provide sufficiently detailed factual support from discovery to the DeKalb County Magistrate Judge. (Id. at 10-11.) Movant additionally argues that he was prejudiced because the good faith exception would not have applied based on the false work statement and without the work statement there would have been no warrant to search his home. (Mov't First Reply at 5-6.)

The Magistrate Judge found that the claim that Johansson failed to review discovery was without merit as it was apparent that discovery had been reviewed by Hogue before she filed objections to the Suppression R&R and found that Movant failed to show that counsel was ineffective on the issues of over breadth and application of the good faith exception. (Final R&R at 17-20.) On counsel's failure to challenge the work statement or properly challenge the home statement, the

6

Magistrate Judge found that Movant had not shown prejudice by coming forward with any argument that counsel could or should have made that would have warranted a Franks hearing under the "substantial preliminary showing" standard for showing that an affiant made an intentionally false or recklessly misleading statement that was necessary to a finding of probable cause. (Id. at 17.) The Magistrate Judge determined that the lack of documentation of the work statement and Movant's own self-serving declaration were insufficient to show that Suber intentionally made a false statement. (Id. at 18.)  On review of the discovery material (that Movant asserted should have been presented in his suppression motion),[6] the Magistrate Judge found that the "substance of the communications between K.S. and Movant, as shown in the discovery material, does not make Officer's Suber's work statement implausible such that [the work statement's] lack of documentation in the recorded emails and chats implies fabrication."  (Id. at 18 n.11.)  Further, the Magistrate Judge found that the work statement was not necessary to finding probable cause to search Movant's home –

---

[6]  As summarized by the Magistrate Judge, the discovery material shows that Movant e-mailed the minor victim from his home and work and chatted with the minor victim from his home, that pictures were sent, and that Movant discussed he and the minor taking nude pictures of each other.  (R&R at 5-7.)

7

> The emails and instant messaging . . . indicate that Movant contacted K.S. from his home and sent nude photographs from his home.  Had counsel attempted to use the emails and instant messaging to show that there was no factual support for the contention that Movant contacted the victim from his home computer and sent, or would send, nude pictures on his home computer, his argument would have failed.

(Id. at 18-19.)  The Magistrate Judge recommends that the § 2255 motion and a COA be denied.  (Id. at 22.)

### C.     **Objections and Ruling**

Movant presents four objections.  First, Movant argues that the Magistrate Judge wrongly concluded that Hogue's review of discovery and mention of the work statement in a footnote in her objections to the Suppression R&R were properly used to determine that pre-trial counsel provided adequate assistance on the suppression motion.  (Objections to Final R&R at 7-9.) Second, Movant objects that the Magistrate Judge "surprisingly chides" him for not making a "substantial preliminary showing," when he had declared that he never made the work statement and pointed to the absence of documentation on the work statement.  (Id. at 8, 10-12.)  Movant objects that he is being asked to prove a negative and asks, "what else could [he] have done . . . ?"  (Id. at 11.)

8

Third, Movant objects to the Magistrate Judge's finding that the work statement is immaterial to whether there was probable cause to search Movant's home.  Movant objects because the finding "flies in the face" of and is a "180 degree turn" from the Suppression R&R and fails to give "any acknowledgment" to the Court's prior *reliance on* the truth of the work statement to find that the home statement was true and its prior finding that Johansson's argument bordered on frivolous.  (Id. at 7-8, 12.) Movant again argues that, even if the discovery material could factually support the home statement, using the discovery to show the sufficiency of the affidavit without the work statement is impermissible because Suber did not provide sufficiently detailed factual support from discovery to the DeKalb County Magistrate Judge.  (Id. at 14-15.) Fourth, Movant objects that, in light of the Franks violation, the good faith exception does not apply.  (Id. at 16-17.)

The Court has reviewed the above matters *de novo*, and Movant's objections fail.  In his first objection, Movant mis-states the Magistrate Judge's finding on pre-trial counsel's failure to review discovery.  The Magistrate Judge found that Hogue's review of discovery defeated any claim that pre-trial counsel was deficient for failing to review discovery.  The Magistrate Judge did not broadly find that Hogue's review was sufficient to show that pre-trial counsel provided adequate assistance on the

9

suppression motion, as suggested by Movant.  Any deficiency by Johansson in failing to review discovery was cured by Hogue's review of discovery and submission of objections, which the Court fully considered in adopting the Suppression R&R.

As to Movant's second objection, in order to show that counsel provided ineffective assistance on the suppression motion, Movant must show that if pre-trial counsel had presented the argument that he now presents there is a reasonable probability that it would have succeeded.  See Strickland v. Washington, 466 U.S. 668, 694 (1984).  Any reasonable probability of success requires that Movant's argument on what pre-trial counsel should have done meet the Franks standard.  Under Franks, a defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and "the allegedly false statement [must be ] necessary to the finding of probable cause[.]"  Franks, 438 U.S. at 155-56.

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. . . . Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. . . . The deliberate falsity or

10

reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.

Id. at 171.

Movant's showing on what pre-trial counsel should have presented – Movant's self-serving declaration that he never made the work statement and his pointing out the absence of specific documentation for the work statement – is insufficient to meet Movant's burden of making a *substantial* showing that Suber fabricated the work statement. The discovery at issue that pre-trial counsel allegedly should have discussed shows that Movant contacted the victim from work and home and shows that they discussed sending nude pictures. Against this backdrop, the lack of specific documentation of the work statement is insufficient to show that it was fabricated. As stated by the Magistrate Judge, "[t]he substance of the communications between K.S. and Movant, as shown in the discovery material, does not make Officer Suber's statement implausible such that its lack of documentation . . . implies fabrication." Movant asks "what else could [he] have done" to make a substantial showing. A substantial showing is meant to be a demanding standard,[7] and Movant's inability to

_____

[7] For example, in Chesher, the court found that the defendant had made a substantial showing that the affiant's statement – that defendant was a member of the Hell's Angels as of the date of the affidavit – was deliberately or recklessly false based on (1) the defendant's sworn statement that anyone with a close knowledge of the club

11

make a substantial showing is based on the facts of his case, not a misapplication of the standard.

Additionally, although a discussion of the third objection is unnecessary absent any showing of fabrication, see Franks, 438 U.S. at 155-56, the third objection also fails. The Court disagrees with Movant that the Suppression R&R found that the work statement was true, such that the Court cannot now examine the sufficiency of the affidavit without reference to the work statement. Even if the work statement were excluded – which as discussed above it is not – the affidavit still would have supported probable cause for searching Movant's home.

Movant is correct that conclusory statements in a search warrant affidavit, without sufficient factual support, will not support a probable cause finding. See Illinois v. Gates, 462 U.S. 213, 239 (1983). Thus, conclusory statements such as (1) the affiant has cause to suspect that illegal liquor is located on a certain premises or (2) the affiant has received reliable information from a credible person and believes

---

(as claimed by the affiant) would have known that the defendant had been publically expelled from the club four years prior and (2) the affiant's failure to discover a California Bureau of Narcotics report that defendant had been expelled from the club. United States v. Chesher, 678 F.2d 1353, 1360-62 (9th Cir. 1982). In Chesher, the defendant presented more than a self-serving denial of membership and an assertion that discovery lacked documentation of his membership.

12

that heroin is stored in a home are insufficient to establish probable cause. <u>Id.</u> Here, however, the statement – that Movant "contacted the victim from his home computer . . . to send nude photos of himself and emails to discuss oral and anal sex with the victim" and that he "did drive to the victim's house with the intentions of having sex with the victim. Those intentions were displayed when he placed a bag with two unsealed personal lubricants and a large amount of condoms in the front passenger seat of his vehicle" – is a sufficient statement of non-conclusory facts to give probable cause to search Movant's home. An affiant is allowed to summarize objective evidence from an investigation, as was done here. <u>See</u> <u>United States v. Jiminez</u>, 224 F.3d 1243, 1249 (11th Cir. 2000) (finding that "objective presentation of the information gained by the investigating officers" was not conclusory). Although Suber did not specifically state that the investigation was the source of the summarized evidence, it is reasonably apparent from a common-sense reading of the statement as a whole. The third objection fails.

Movant's Fourth objection fails as it provides no specific argument that brings into question the Magistrate Judge's determination that, even if the search warrant was over broad, the good faith exception would apply. As to the remainder of the

13

Magistrate Judge's Report and Recommendation, to which Movant has not objected, the Court finds no clear error.

## II.   <u>Conclusion</u>

For the reasons stated above,

**IT IS ORDERED** that Movant's objections [233] to the Final Report and Recommendation are **OVERRULED**, that the Final Report and Recommendation [231] is **ADOPTED** as the Order of this Court, and that Movant's motion [205] to vacate, set aside, or correct his federal sentence and a COA are **DENIED**.

**IT IS SO ORDERED** this  11th  day of February, 2015.


**RICHARD W. STORY**
United States District Judge

14